*First American Title Ins. Co. v. Columbia Harbison, LLC*
**Civil Action No. 3:12-CV-800-JFA**
**Exhibits to Columbia Harbison Memorandum In Opposition**
**to First American Motion for Summary Judgment on Bad Faith**

# Exhibit 1

First American Responses to First Request for Admissions

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| First American Title Insurance Company, <br><br> Plaintiff, <br> vs. <br><br> Columbia Harbison, LLC, <br><br> Defendant. | Case No. 3:12-cv-00800-JFA <br><br><br> **PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR ADMISSIONS** |

**TO:    KEVIN K. BELL, JR., ESQUIRE, Attorney for Defendant:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff First American Title Insurance Company ("First American") hereby responds to Defendant's Request for Admissions:

### RESPONSES TO REQUEST FOR ADMISSIONS

**REQUEST 1.**

First American denies that it has any obligation to defend or indemnify Columbia Harbison, LLC ("Insured") in connection with the civil action captioned *B&L Harbison v. Columbia Harbison, LLC and James R. Vannoy & Sons Construction Company, Inc.*, Civil Action No. 2011-CP-32-3717 ("Civil Action").

**RESPONSE:**

Denied insofar as First American has not denied coverage at this time, but instead First American is seeking a declaratory judgment from this court as to the coverage provided under the policy as set forth in the Complaint as it is informed and believes that coverage may not exist under the policy.

**REQUEST 2.**

First American knew in October 2011 that construction of the structures reflected on the site plan attached to Endorsement No. 3 (attached Exhibit A) were not complete at the time the Civil Action was filed.

**RESPONSE:**

Admitted.

**REQUEST 3.**

With respect to insurance coverage for the Civil Action, First American did not make a written reservation of rights prior to its February 3, 2012 correspondence (attached Exhibit B).

**RESPONSE:**

Admitted.

**REQUEST 4.**

In its reservation of rights on February 3, 2012, First American did not inform the Insured that Endorsement No. 3 does not provide coverage in the event a structure is not complete.

**RESPONSE:**

Admitted to the extent the February 3, 2012, letter did not expressly say Endorsement No. 3 does not provide coverage in the event the structure is not complete. Further responding, First American does expressly say in the letter that the structures are not complete, it quotes Endorsement No. 3, and reserved all rights.

**REQUEST 5.**

In its reservation of rights on February 3, 2012, First American did not inform the Insured that coverage under Endorsement No. 3 was limited or precluded entirely based on information known to First American as of February 3, 2012.

**RESPONSE:**

First American objects to this Request to Admit on the grounds that it is vague and confusing.

**REQUEST 6.**

First American did not respond to the attached March 12, 2012 email (Exhibit C).

**RESPONSE:**

Denied.

2

**REQUEST 7.**

First American did not respond to the attached March 13, 2012 email (Exhibit D).

**RESPONSE:**

Denied.

**REQUEST 8.**

First American did not respond to the attached March 15, 2012 email (Exhibit E).

**RESPONSE:**

Denied.

**REQUEST 9.**

Attached Exhibits C, D, and E were received and reviewed by an employee of First American possessing the authority to respond to the requests made on behalf of the Insured.

**RESPONSE:**

Admitted.

**REQUEST 10.**

At no time prior to March 19, 2012 did First American provide written guidance to the Insured about what types of losses First American believed were and were not within the coverage provided by Endorsement No. 3.

**RESPONSE:**

Denied. Further responding, in First American's letter dated February 3, 2012, First American discussed, among other things, Columbia Harbison's request for loss or damage, that such requests were premature, that First American believed many items requested by Columbia Harbison were not covered, and that First American was reserving rights as it continued its investigation.

**REQUEST 11.**

At no time prior to March 19, 2012 did First American provide a written analysis of coverage for the relief sought in the Civil Action or the associated losses by the Insured.

**RESPONSE:**

Denied.

CALLISON TIGHE & ROBINSON, LLC

*/s/ Demetri K. Koutrakos*

Demetri K. Koutrakos, Fed. Id. No. 6989
1812 Lincoln Street, Suite #200
P. O. Box 1390
Columbia, SC 29202-1390
Telephone: 803-404-6900
Facsimile: 803-404-6902
Email: jimkoutrakos@callisontighe.com

May 16, 2012

## CERTIFICATE OF SERVICE

I, Kathleen S. Romero, an employee of Callison Tighe & Robinson, LLC, attorneys for Plaintiff, hereby certify that, on this date, I served the foregoing **Plaintiff's Responses to Defendant's Request for Admission** upon all counsel of record, by depositing a copy of the same in the United States mail with proper first-class postage affixed thereon, addressed as follows:

> Kevin K. Bell, Esquire
> Robinson, McFadden & Moore, PC
> 1901 Main Street, Suite #1200
> P. O. Box 944
> Columbia, SC 29202

*/s/ Kathleen S. Romero*
KATHLEEN S. ROMERO

May 16, 2012

3972.016\USDC\RTA-Resp